THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LORENZO JACKSON, Defendant-Appellant.

First District (6th Division)    No. 1—97—0355

Opinion filed February 13, 1998.

Michael J. Pelletier and Amy Kraus, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and James Beligratis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

After his arrest in July 1995 and a bench trial in July 1996, defendant Lorenzo Jackson was found guilty of aggravated vehicular hijacking and armed robbery. On appeal, defendant asserts that his case should be remanded for a hearing pursuant to *People v. Kinkead*, 168 Ill. 2d 394 (1995), to determine whether he was being treated with psychotropic drugs during any critical stage in the proceedings. We hold that no remand is necessary because defendant definitively stated that he was not taking medication at any time during or proximate to his trial.

On July 1, 1995, defendant was arrested for having taken a car from its owner at gunpoint and robbing the owner's passenger on June 28, 1995. On April 4 and 8, 1996, a hearing was held on defendant's motion to suppress his statements and the motion was denied. On July 10 and 11, 1996, a bench trial was held and the witnesses included the two victims. On July 11, 1996, the trial court

convicted defendant of aggravated vehicular hijacking and armed robbery. On August 13, 1996, defendant filed a motion for a new trial.

On August 29, 1996, a hearing was held on defendant's posttrial motion and for sentencing. When defense counsel presented arguments for the purpose of sentencing, he informed the trial court that defendant currently was being treated for depression. The trial court asked when defendant started medication. Defense counsel responded that defendant was getting treatment, in the form of "siliquan [sic]," and that he did not know defendant was taking medication until that day (August 29). The trial court immediately ordered a behavioral clinic examination with respect to the medication being taken by defendant and continued the matter until September 23, 1996.

On September 23, 1996, the proceedings reconvened. The trial court was informed that Forensic Clinical Services had completed the psychological portion of the examination but still had to do a psychiatric examination because defendant was currently on medication. Accordingly, the matter was continued.

On October 17, 1996, the proceedings reconvened. A report dated October 15, 1996, by Dr. Philip Pan, a staff psychiatrist with Forensic Clinical Services, stated that defendant was fit to stand trial or be sentenced and that he was not receiving psychotropic medications "at this time." The trial court conducted the following examination of defendant:

"THE COURT: On the last court date on September 23rd I ordered a behavioral clinic examination because you mentioned that you were taking some type of medication for depression. Is this true?

THE DEFENDANT: Yes.

THE COURT: Now on October 11th [sic] Dr. Pan indicates that you are not receiving any medications.

THE DEFENDANT: Now? No.

THE COURT: Are you still taking medication?

THE DEFENDANT: No.

THE COURT: Were you taking medications during the trial?

THE DEFENDANT: I don't—

THE COURT: The trial. The first date of the trial was July—

[DEFENSE COUNSEL]: It was the 10th for us.

THE COURT: July 10th.

THE DEFENDANT: No.

THE COURT: When were you taking medication?

THE DEFENDANT: When I was initially brought into the county system.

THE COURT: But at the time—during the trial you were not taking any medication?

THE DEFENDANT: No.

THE COURT: I am asking you, you were not taking any medication?

THE DEFENDANT: No. No, sir.

THE COURT: Because initially you were in custody in August of 1995. When did you stop taking the medication?

THE DEFENDANT: They had me off and on, off and on a couple of times.

THE COURT: But I mean—

THE DEFENDANT: Maybe about January, something like that.

THE COURT: Then after January of 1996 you were not taking any medication?

THE DEFENDANT: No."

The court then stated they would definitely go forward on November 4.

On November 4, 1996, the sentencing phase proceeded. Defense counsel recounted the events leading up to the evaluation of defendant and agreed with the trial court's statement that defendant represented that he was not taking medication at the time of trial. After defense counsel presented two witnesses in mitigation, the trial court imposed an 11-year prison term.

On appeal, defendant asserts that his case should be remanded for the limited purpose of a hearing based on the *Kinkead* decision to determine whether he was receiving medication during or proximate to any critical stage of his trial. Defendant correctly observes that the record does not reveal the specific dates when he was taking medication and argues that a trial court should not be allowed to rely solely on information provided by a defendant.

The State contends that a remand is not warranted because defendant expressly stated that he was not taking medication during or near trial. In the alternative, the State submits that if this matter is remanded, the appropriate procedure would be to conduct a retrospective fitness hearing, if possible, pursuant to *People v. Burgess*, 176 Ill. 2d 289 (1997).

■ First, we address the statutory basis of defendant's claim, *i.e.*, section 104—21(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/104—21(a) (West 1994)). Until December 1995, section 104—21(a) provided that "[a] defendant who is receiving psychotropic drugs or other medications under medical direction is entitled to a hearing on the issue of his fitness while under medication." 725 ILCS 5/104—21(a) (West 1994). Subsequently, the legislature twice amended sec-

tion 104—21(a) and, therefore, this section no longer exists in the same language.[1]

A split in authority developed regarding whether the original version or the amended version of section 104—21(a) should apply to cases on appeal. See, *e.g.*, *People v. Perry*, 292 Ill. App. 3d 705 (1997) (amended version applied retroactively); *People v. McKay*, 282 Ill. App. 3d 108 (1996) (amended version could not apply retroactively). The Illinois Supreme Court recently held that the preamended version of section 104—21(a) must be applied on direct appeal. *People v. Cortes*, 181 Ill. 2d 249, 276 (1998).[2]

In the present case, defendant was arrested in 1995 and his trial was held in July 1996. Defendant raises no issue or argument regarding posttrial matters, including his sentencing proceeding. Therefore, in light of the *Cortes* decision, we consider this appeal under the original version of section 104—21(a) and direct attention to the time period of defendant's trial in July 1996.

■ In *Kinkead*, the case on which defendant relies, the supreme court held that "a limited remand for clarification of the circumstances surrounding defendant's use of psychotropic medications" was necessary based on the inadequate record. *Kinkead*, 168 Ill. 2d at 415. The record was inadequate because it failed to inform the court whether the administration of the drug was proximate enough in time to critical stages of the defendant's proceedings, when the defendant began to take the drug, what amount had been prescribed, what the medical reasons were for the medication, and in what manner the medication may have influenced defendant. *Kinkead*, 168 Ill. 2d at 414-15.

In the present case, unlike *Kinkead*, defendant was not taking any medication anytime near the time of trial. The record reveals that on August 29, 1996, when a hearing was held on defendant's motion for new trial and sentencing, defense counsel alerted the trial court that defendant had been taking a psychotropic drug (Sinequan) for depression. In addition, the presentencing report specifically stated that defendant had been treated for depression while previ-

---

[1] The first amendment, effective December 1995, was declared unconstitutional in *Johnson v. Edgar*, 176 Ill. 2d 499 (1997). The second amended version became effective on December 31, 1996, and provides that "[a] defendant who is receiving psychotropic drugs shall not be presumed to be unfit to stand trial solely by virtue of the receipt of those drugs or medications." 725 ILCS 5/104—21(a) (West 1996).

[2] The Illinois Supreme Court also has recently discussed its eight prior cases that interpreted and applied section 104—21(a) in *People v. Neal*, 179 Ill. 2d 541 (1997).

ously incarcerated in 1994 and currently was being treated for depression at Cermak Health Services. Based on this information, the trial judge immediately ordered a behavioral clinic examination for defendant and continued the matter.

At the October 1996 proceedings, the report from a staff psychiatrist informed the trial judge that defendant was fit to be sentenced and was not receiving psychotropic medications at the current time. The trial judge diligently questioned defendant regarding his prior drug treatment. Defendant's answers were unambiguous and clear that he had stopped taking medication around January 1996, at least five months prior to trial, and did not take any medication during his trial in July. When defendant provided this information to the trial judge, defendant was not taking medication and had been found fit by a psychiatrist. Moreover, there is no suggestion that defendant did not understand the questions posed by the trial judge. Accordingly, there is no factual or legal basis to trigger section 104—21(a) and its consequences.

Under the facts of this case, we find that the trial judge amply satisfied his responsibilities. To require more than a clear, direct statement that defendant was not even taking medication at or near the time of trial would be exaltation of form over substance.

Affirmed.

ZWICK and QUINN, JJ., concur.